## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABRAM J. HARRIS**, <br><br> Plaintiff, <br><br> v. <br><br> **DEPARTMENT OF TRANSPORTATION**, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-2383 (TNM) |

| | |
|---|---|
| **ABRAM J. HARRIS**, <br><br> Plaintiff, <br><br> v. <br><br> **STEPHANIE JOHNSON**, <br><br> Defendant. | Case No. 1:22-cv-3154 (TNM) |

## <u>MEMORANDUM OPINION</u>

The owner of a trucking company hired a woman who also worked for a federal agency that oversees trucking companies. The owner's relationship with his new employee soon soured. His relationship with the federal agency did too. The owner sees those two incidents as connected; in his view, the woman used her role at the agency to go after his company. So he sued the agency for fraud, abuse of process, and a host of statutory violations.

During litigation, the owner also became convinced that the agency's lawyer had lied about him online. So he added the lawyer to his lawsuit against the agency. And he later filed a second lawsuit against that lawyer based on the same alleged lie.

The Court lacks jurisdiction over many of the owner's claims.  And the owner fails to state claims for the rest.  So the Court will dismiss both Complaints.

**I.**

Abram J. Harris has been involved in long-distance trucking for decades.  *See* Compl. at 3 (Johnson Compl.) (22-cv-3154), ECF No. 1.  In 2019, his business ran into trouble with the Federal Motor Carrier Safety Administration (FMCSA).  *See* Compl. ¶ 1 (DOT Compl.) (22-cv-2383), ECF No. 1-2.  According to him, he had hired a woman who was also working for that agency.  When things went south with her, the woman turned FMSCA against him.  Mot. to Seal, Exh. A at 7, ECF No. 32-1.  So he sued FMSCA's parent agency, the Department of Transportation, for "[f]raud" and "[a]buse of process."   DOT Compl. ¶ 1.  And he invokes many statutes and ethics rules as well.  *See* Surreply at 2–4 (DOT Surreply), ECF No. 25.

Harris then amended his Complaint to add claims against Assistant United States Attorney Stephanie Johnson, who had been representing DOT.  *See* Am. Compl. (DOT Am. Compl.), ECF No. 5.  In his view, she had spread lies about him online.  *Id.* at 4–5.

Months later, Harris filed a second, separate lawsuit against AUSA Johnson for the same reason.  *See generally* Johnson Compl.  In this Complaint, Harris says that AUSA Johnson was negligent, defamed him, and used "insulting words."  *Id.* at 6–11.

The Government moved to dismiss both cases for lack of subject matter jurisdiction and failure to state a claim.  *See* Mot. to Dismiss (DOT MTD), ECF No. 15; Mot. to Dismiss (Johnson MTD), ECF No. 7.  The Court agrees and will dismiss both Complaints for lack of jurisdiction and a failure to state any claim.

## II.

To defeat the motions to dismiss under Rule 12(b)(1), Harris must show that the Court has jurisdiction.  *See Georgiades v. Martin-Trigona*, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984). When deciding 12(b)(1) motions, the Court presumes that it lacks jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  And the Court takes as true all Harris's factual allegations and may also consider other undisputed facts in the record.  *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

To defeat the motions to dismiss under Rule 12(b)(6), Harris must state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That means he must plead facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The Court takes those facts as true and draws all reasonable inferences in Harris's favor.  *L. Xia v. Tillerson*, 865 F.3d 643, 649 (D.C. Cir. 2017).  But the Court cannot credit legal conclusions dressed up as factual claims.  *See Iqbal*, 556 U.S. at 678.

Harris represents himself, so the Court holds his Complaints to "less stringent standards" than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  For the same reason, the Court considers all Harris's factual claims, including those in his other filings.  *Moini v. LeBlanc*, 456 F. Supp. 3d 34, 40 (D.D.C. 2020).

## III.

All Harris's claims must be dismissed.

### A.

Start with Harris's common-law claims against DOT.  In his first Complaint, Harris alleges fraud and abuse of process, and he appears to also claim that DOT is liable for "negligence, misrepresentation, interference with business relationships," and "unfair trade

practices."  DOT Compl. at 2, 44.  The Court lacks subject matter jurisdiction over these claims.

Fed. R. Civ. P. 12(b)(1).  And Harris states no plausible claims either.  Fed. R. Civ. P. 12(b)(6).

So they all must be dismissed.

The United States is immune from suit unless it has waived its sovereign immunity.

*United States v. Sherwood*, 312 U.S. 584, 586 (1941).  So to sue a federal agency, like DOT,

Harris must point to a waiver of sovereign immunity.  *See id.*  He never does.  Instead, he objects

to the Government raising sovereign immunity as a defense: "Defendant must be on some type

of mind-altering drug if the Defendant thinks that the Federal Government . . . can defraud you

. . . and then yell Sovereign Immunity."  DOT Surreply at 5.  That failure to point to a waiver is

fatal.  *See Georgiades*, 729 F.2d at 833 n.4 ("It is the burden of the party claiming subject matter

jurisdiction to demonstrate that it exists."); *see also Gill v. DOJ*, 875 F.3d 677, 680 (D.C. Cir.

2017) (affirming dismissal because plaintiff had named no waiver of sovereign immunity

below).

But even if he had highlighted a waiver, his common-law claims would still fail.  The

United States has waived its sovereign immunity for some torts under the Federal Tort Claims

Act.  *See* 28 U.S.C. § 1346(b).  But to bring claims under the FTCA, Harris must have exhausted

them first.  *See* 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993)

("The FTCA bars claimants from bringing suit in federal court until they have exhausted their

administrative remedies.").  And he never says that he did so.  So the Court doubly lacks

jurisdiction.

True, Harris may have presented his claims to DOT when he filed a complaint with

DOT's Inspector General.  *See* Mot. to Seal, Exh. A at 1–3.  But that is only half the exhaustion

battle.  Before Harris could sue, he also needed to either (1) have those claims "finally denied by

4

the agency in writing" or (2) wait six months.  28 U.S.C. § 2675(a).  There is no evidence that he

meets either requirement.  He never says that DOT denied his claims in writing.  And he waited

less than six months to sue.  *See* Mot. to Seal, Exh. A at 1 (complaint to DOT Inspector General

on March 3, 2022); DOT Compl. at 2 (lawsuit filed on May 3, 2022).

And even if Harris had cleared those hurdles, his claims would still fail.  Most are barred

by the FTCA's intentional tort exception.  *See* 28 U.S.C. § 2680(h).  For example, the FTCA

expressly bars "abuse of process" and "misrepresentation" claims.  *Id.*  And it bars fraud claims

too.  *Maxberry v. Dep't of the Army, Bd. of Correction of Military Records*, 952 F. Supp. 2d 48,

52 (D.D.C. 2013); *Williams v. Wilkie*, 320 F. Supp. 3d 191, 198 (D.D.C. 2018).  Likewise, the

FTCA bars his claim for interference with business relationships.  *See Art Metal-U.S.A., Inc. v.

United States*, 753 F.2d 1151, 1154–55 (D.C. Cir. 1985).  So the Court lacks jurisdiction over

these claims.

And neither those claims, nor the rest, are pled with enough clarity to state a plausible

claim.  Fed. R. Civ. P. 12(b)(6).  For instance, Harris says that DOT "was so negligent" when it

included "another company's information along with his information" in its mail to him.  DOT

Compl. at 22.  But the Court fails to see how that counts as a breach of any duty to Harris, much

less how that harmed him.  So the Court will dismiss all his claims against the agency.

**B.**

Harris also presses claims against AUSA Johnson in both cases.  He insists that she made

a "false filing," defamed him, used "insulting words," and that she was negligent.  DOT Am.

Compl. at 4; Johnson Compl. at 6–11.  In support, Harris points to an entry from a court-tracking

website that says, "HARRIS filed an Other lawsuit against U S DEPARTMENT OF

TRANSPORTATION FMSCA."  DOT Am. Compl., Exh. A at 1, ECF No. 5-1.  Harris believes

that AUSA Johnson wrote that about him. And he protests that the statement is false. But the Court lacks subject-matter jurisdiction over these claims. *See* Fed. R. Civ. P. 12(b)(1). So it must dismiss them.

Under the Westfall Act, federal employees have "absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007); 28 U.S.C. § 2679(b)(1). Once the Government certifies that an employee "was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose," then the United States is substituted in as a defendant. 28 U.S.C. § 2679(d)(2). If that happens, then the claims "are governed by the FTCA." *Jacobs v. Vrobel*, 724 F.3d 217, 220 (D.C. Cir. 2013).

Such is the case here. The Government has certified that AUSA Johnson "was acting within the scope of her employment . . . at the time of the alleged incidents" and thus the United States is substituted as a defendant in her stead. *See* Johnson MTD, Westfall Certification, ECF No. 7-1; 28 U.S.C. § 2679(d)(2). As a result, Harris's claims must satisfy the FTCA. *Vrobel*, 724 F.3d at 220. They do not. And the Court thus lacks subject-matter jurisdiction.

First, Harris failed to exhaust these claims. *See* 28 U.S.C. § 2675(a). He never says that he presented them to "the appropriate Federal agency" (here, the Department of Justice). *Id.* Nor does he say that DOJ denied the claims or that he waited six months. *Id.* So he is barred from bringing them.

Second, even if he had exhausted his claims, they would still run smack into the FTCA's intentional tort exception. *See* 28 U.S.C. § 2680(h). The FTCA explicitly bars Harris's misrepresentation claim. *See id.* And it bars his defamation and negligence claims too because both are based on AUSA Johnson's alleged misrepresentation.

The intentional tort exception applies to "[a]ny claim *arising out of*," the listed torts, including "misrepresentation."  28 U.S.C. § 2680(h) (emphasis added).  Because of that, the Court "must scrutinize the alleged cause of [Harris's] injury" to see if it stems from an excluded tort.  *Kugel v. United States*, 947 F.2d 1504, 1507 (D.C. Cir. 1991).  Both his negligence and defamation claims do.  At bottom of each, Harris appears to be alleging that AUSA Johnson posted lies about him online and that those lies harmed him.  Thus, because both claims arose "out of . . . misrepresentation," they are both barred.  28 U.S.C. § 2680(h).[1]  And all these claims must be dismissed too.

## C.

Harris also cites many statutes and ethical rules—nearly two dozen.  But he again points to no waiver of sovereign immunity.  Plus, most provide no cause of action.  And Harris cannot state claims under those that do.

Many of Harris's claims rely on criminal laws that provide him no cause of action.  If a criminal law offers "no . . . statutory basis for inferring that a civil cause of action exists," then the Court should not imply one.  *Lee v. USAID*, 859 F.3d 74, 77 (D.C. Cir. 2017).  And Harris's laws provide no basis for finding a cause of action.  Take 18 U.S.C. § 1515.  That provision

---

[1]  These claims have another problem.  Harris's own exhibits show that AUSA Johnson did not make the statement he attributes to her.  As the Government explains, "the language Plaintiff quotes comes not from AUSA Johnson herself but from websites reporting or reflecting the removal of Plaintiff's lawsuit from Superior Court to federal court.  In other words, Plaintiff's suit is based on how third parties have reported the removal of Plaintiff's suit to federal court."  Johnson MTD at 2.

That is right.  AUSA Johnson's alleged lies come from a case summary on unicourt.com, "a sophisticated platform that automates the collection of court data."  *Legal Data API*, https://unicourt.com/features/legal-data-api (last visited March 3, 2023).  She never made those statements on the docket in either case.  And thus they must be a quirk of that court-tracking website's automated system.

merely defines terms used in other provisions.  Or consider 18 U.S.C. § 873, which simply criminalizes blackmail.  Neither suggests that Harris has a right to sue under it.  And his other criminal laws fare no better.

The same is true of nearly all Harris's proffered civil laws.  Usually, civil laws provide no cause of action, unless they explicitly say so.  *See Johnson v. Interstate Mgmt. Co., LLC*, 849 F.3d 1093, 1097 (D.C. Cir. 2017).  In some cases, courts will imply a cause of action if Congress's intent is clear.  *Id.* at 1097.  But that is rare.  Over the last 50 years, "the Supreme Court has been very hostile to implied causes of action."  *Id.*

The Court sees no basis for implying any causes of action here.  The Hatch Act offers no private cause of action.  *See Hall v. Clinton*, 285 F.3d 74, 83 (D.C. Cir. 2002).  Nor do Harris's other laws.  For example, 19 U.S.C. § 1592 sets forth Customs Service enforcement proceedings for fraud and negligence.  And 5 U.S.C. § 7342 governs foreign gifts to government employees. *See* Surreply at 4.  Nothing about these provisions suggests a private cause of action.

Other laws offer a private cause of action, but just not for Harris.  He cites 18 U.S.C. § 1514A, which authorizes retaliation claims against publicly-traded companies.  *See* DOT Compl. at 47.  Yet here, Harris is suing an agency and an AUSA.  Harris also raises the False Claims Act.  *See* Surreply at 6–7 (citing 31 U.S.C. § 3729).  But none of his corresponding claims—that AUSA Johnson defamed him, that the Government refused to settle, and that the Government "indicate[d] the state Attorney General" had not been served—lead to liability under that law.  *Id.* at 7; *see also* 31 U.S.C. § 3729(a) (setting forth bases for civil liability).

Harris's claim under RICO fails as well.  For one, such claims are barred by sovereign immunity.  *See Bloch v. Exec. Off. of the President*, 164 F. Supp. 3d 841, 856 (E.D. Va. 2016); *Norris v. DOD*, No. 96-5326, 1997 WL 362495, at *1 (D.C. Cir. May 5, 1997) (per curiam)

(dismissing RICO claims against federal agency as barred by sovereign immunity).  And even if they were not, federal agencies cannot be sued under RICO.  *See McNeily v. United States*, 6 F.3d 343, 350 (5th Cir. 1993) (no RICO claims against federal government).  So Harris fails to state a claim.

## IV.

For all these reasons, the Court will dismiss Harris's Complaints.[2]  A separate Order will issue in each case today.

Dated: March 13, 2023                                 _____

                                                 TREVOR N.  McFADDEN, U.S.D.J.

---

[2]  The Court construes Harris's Motion to Amend as a motion to supplement and will grant it. *See* Mot. to Am., ECF No. 26.  Harris also filed a "Motion to Seal" under seal.  *See* Mot. to Seal, ECF No. 32.  The Court will allow that motion to remain under seal because it contains sensitive financial information.  But the Court will otherwise deny it.  That motion asks for two things: (1) an injunction against the IRS on behalf of Harris's doctor, and (2) a $105,000,000 judgment for Harris.  The Court will deny both requests.  Harris lacks standing to get an injunction on behalf of his doctor, who is not a party to this case.  *See Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004) (Third-party standing requires closeness *and* some reason why the third-party cannot "protect his own interests.").  Harris gives the Court no reason (and it sees none) for why Harris's doctor cannot sue the IRS himself.  And the request for a judgment is denied for all the above reasons.

Harris also filed a "Motion to Expedite," which asks for a hearing on his Motion to Seal.  Mot. to Expedite, ECF No. 33.  But because the Court finds that no hearing is necessary on the Motion to Seal, it will deny the Motion to Expedite as moot.  *See* D.C. LCvR 7(f).